## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER P. SPEARMAN, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    **Case No. 06-cv-0794-MJR** |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY f/k/a DEPT. OF HHS, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On October 16, 2006,  Plaintiff Walter Spearman filed suit in this Court seeking judicial review of a decision of the Commissioner of the United States Social Security Administration, pursuant to, *inter alia,* **42 U.S.C. §§ 205(g)** and **405(g).**  That decision denied Spearman's claim for disability benefits and payment for his medical bills.  Spearman alleges that he has exhausted all administrative remedies and timely commenced this suit within sixty days of receiving notice of the adverse decision of the Social Security Appeals Council.

On December 7, 2006, Spearman filed a motion to appoint counsel (Doc. 8).  After reviewing that motion, Magistrate Judge Philip M. Frazier denied that request (Doc. 9), finding that Spearman is competent to represent himself in these proceedings and that appointment of counsel wound not provide a substantial benefit (Doc. 9, p.1).

On January 19, 2007, Spearman filed a motion for reconsideration of that Order (Doc. 15).  Magistrate Judge Frazier denied that motion (Doc. 16), finding that although Spearman disagreed with the ruling on his motion for appointment of counsel, Spearman had not presented

valid grounds for reconsideration (Doc. 16, p. 1).

Now before the Court is Spearman's objection (Doc. 18) to Judge Frazier's Order denying appointment of counsel (Doc. 9).  Therein, Spearman asserts that Judge Frazier's Order "overlooks the law," that Spearman is "not an attorney nor is [he] an experienced litigator," and that he has demonstrated his indigence (Doc. 18).  Accordingly, Spearman requests that this Court overrule Judge Frazier's Order denying appointment of counsel, and appoint counsel to represent him in this matter.

The Court's review of a magistrate judge's order is governed by **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, which states: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Using the clear error standard, the Court will overturn Judge Frazier's ruling in the instant case "only if [it] is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus., Ltd.,* **126 F.3d 926, 943 (7th Cir.1997).**  Here, the Court finds that no mistake has been made.

Civil litigants have neither a constitutional nor a statutory right to counsel, *Zarnes v. Rhodes,* **64 F.3d 285, 288 (7ᵗʰ Cir. 1995),** but district courts may request counsel to represent indigent litigants in appropriate cases.  *See, e.g.,* **28 U.S.C. § 1915(d);** *Dellenbach v. Hanks,* **76 F.3d 820, 823 (7ᵗʰ Cir. 1996).**  In moving for appointment of counsel, an indigent litigant must "make a reasonable attempt to secure private counsel before any request for counsel will be entertained." *Zarnes,* **64 F.3d at 288.**  If Plaintiff meets this threshold burden, "then the Court must consider whether the plaintiff appears competent to try the case and, if not, whether the presence of an attorney would alter the outcome of the case." *Id.*

This Court agrees with Judge Frazier's conclusion that Spearman, although indigent and having made substantial effort to retain an attorney, is competent to litigant this matter on his own and that the presence of an attorney would not provide a substantial benefit. Spearman has demonstrated that he understands the nature of the dispute, can evaluate the issues and arguments, and can communicate effectively with the Court and opposing counsel.  Accordingly, the Court **OVERRULES** Spearman's objections (Doc. 18) and **AFFIRMS** Judge Frazier's Order denying appointment of counsel (Doc. 9).

**IT IS SO ORDERED.**

**DATED this 22nd day of June, 2007.**


**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**