# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER P. SPEARMAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-794-MJR-PMF |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Plaintiff, Walter P. Spearman, filed this action seeking judicial review of a final decision of the Commissioner of Social Security. On August 26, 2005, an ALJ reconciled paid and unpaid disability insurance benefits due. No underpayment was found for the period beginning in May, 1993, and continuing through November, 1994. The ALJ determined that payments due for this period had properly been offset by a windfall provision, noting that retroactive supplemental security income payments were made and would not have been made if disability benefit payments had been made first. The ALJ decided that the underpayment was correctly calculated at $6,697.14. The ALJ declined to exercise jurisdiction over other claims pertaining to plaintiff's workers compensation and insurance (R. 13-17). That decision became final when the Appeals Council declined further review (R. 6-8).

An initial review of the materials on file resulted in an interim order directing the Commissioner to prepare and file a supplemental brief (Doc. No. 30). The Commissioner was unable to comply with that order in a timely manner. Pending at this time is plaintiff's motion for default judgment (Doc. No. 33). Judicial review of the Commissioner's final decision is authorized by 42

U.S.C. § 405(g).

Plaintiff seeks reversal of the Commissioner's final decision with remand for further proceedings. The arguments supporting plaintiff's requests are set forth below:

(1). The Commissioner failed to properly reconcile disability insurance benefits that were underpaid during the period between May, 1993, and November, 1994;

(2). The Commissioner failed to resolve allegations of insurance fraud directed at Monterey Coal Company and/or Exxon and/or the Petroleum Casualty Insurance Company;

(3). The Commissioner failed to determine whether insurance companies and Medicare paid plaintiff's medical bills in the proper order; and

(4). The Commissioner failed to intervene in order to correct errors in workers compensation litigation resolved by the Illinois Industrial Commission.

## I. Workers' Compensation, Fraud, and Insurance Claims

The Court first addresses plaintiff's last three arguments. Plaintiff believes the ALJ should have addressed and resolved claims pertaining to the Monterey Coal Company, Exxon, the Petroleum Casualty Insurance Company, and the Illinois Workers' Compensation Commission (formerly the Illinois Industrial Commission). He further maintains that the ALJ had an obligation to decide whether his medical bills were paid in the proper order. He seeks an order directing the ALJ to address these claims or intervene in certain proceedings in order to correct errors, including an arbitrator error in calculating his employment benefits.

The Court is not persuaded that the ALJ had jurisdiction to resolve these claims. Plaintiff's brief does not show that the ALJ had authority to review the targeted decisions or correct errors in those proceedings. Although plaintiff relies on 28 U.S.C. § 1445(c), this statue prohibits the removal of a civil action arising under state worker compensation laws. This aspect of the Commissioner's decision should be affirmed.

## II.     Calculation of Disability Insurance Benefits

Plaintiff maintains that he did not receive disability insurance benefit payments for the period between May, 1993 through November, 1994. He relies on the decision in *Spearman v. Callahan*, Case No. 95-616-PER (S.D. Ill. Jan. 20, 1998), where an early decision denying one of his applications for disability benefits was reversed on the basis of an error in determining the onset date of disability. That decision established January 18, 1989, as the correct onset date (R. 157-165). Plaintiff also relies on documents showing that supplemental security income (SSI) payments for the period between May, 1993, and November, 1994, were not sent to him but were sent directly to the Illinois Department of Public Aid (R. 348, 373).

Defendant maintains that the ALJ properly found that disability insurance benefits due during the period at issue were subject to a windfall offset.

The Court has attempted to interpret the evidence and follow the rationale supporting the ALJ's decision. However, the materials submitted are inadequate to permit review. ALJs must minimally articulate the analysis with enough detail and clarity to permit meaningful review. This entails an accurate and logical bridge from the evidence to the conclusion. *Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th Cir. 2001).

## III.    Default

Plaintiff seeks default judgment. The Clerk's records show that defendant responded to the Complaint in a timely manner. While a supplemental brief was not timely submitted, the Court is not

persuaded that default judgment is warranted under these circumstances. Fed. R. Civ. P. 55(d).

**IV.     Conclusion**

IT IS RECOMMENDED that the Commissioner's final decision be AFFIRMED in part and REVERSED in part. This case should be remanded to the Commissioner for further discussion of the evidence and for articulation of the rationale for the ALJ's conclusion that no underpayment occurred for the period beginning in May, 1993, and continuing through November, 1994. In particular, the ALJ should address these topics, which should permit the Court to evaluate the evidence supporting the conclusion that the underpayment was correctly calculated at $6,697.14:

(1).    The benefits awarded and due for the relevant period,
(2).    The benefits paid to plaintiff or other entities for the relevant period, and
(3).    The benefits withheld, reduced, and/or offset for the relevant period.

IT IS FURTHER RECOMMENDED that plaintiff's motion for default judgment (Doc. No. 33) be DENIED.

**SUBMITTED:   June 16, 2008   .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**